# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SHELEDA DOUGLAS, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 4:05CV771-DJS |
| WALGREEN CO., et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Sheleda Douglas brings the instant action seeking damages for injuries allegedly sustained in a slip and fall accident at a Walgreens store in St. Louis County, Missouri. Defendant Walgreen Co. removed the action to this Court asserting the existence of federal diversity jurisdiction. At the time of removal on May 13, 2005, the operative pleading was plaintiff's first amended petition, naming only Walgreen Co. as defendant. Subsequently, on June 24, 2005, plaintiff filed a second amended complaint attempting to add as defendants Rose Mitchell and John Doe, alleged to be employees and agents of defendant Walgreen.

Now before the Court is plaintiff's motion to remand the action to state court. Plaintiff does not argue that removal was improper at the time the action was removed, but instead argues that the later addition of Rose Mitchell, a non-diverse defendant, destroys diversity of citizenship and warrants remand to the state court. The circumstance presented is governed by 28 U.S.C. §1447(e), which provides: "If after removal the plaintiff seeks to

join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Upon careful consideration of all pertinent factors, the Court will exercise its discretion under the statute to deny joinder and retain jurisdiction of the case against Walgreen alone. The addition of the individual defendants adds little to the action, where the presumably deeper-pocketed corporate defendant would appear to be liable for the individual employees' negligence, if any, on a *respondeat superior* theory. That fact, along with the delay in and timing of the amendment to add the individual parties,[1] suggests little reason for the amendment other than to seek remand to the state court from which the action was properly removed. In these circumstances, the Court will vacate its order of June 15, 2005 which permitted the filing of the second amended complaint, and will strike the second amended complaint, leaving the first amended petition as the operative pleading. The motion to remand will be denied, and the case will proceed in this Court as against defendant Walgreen Co. only.

Upon review of the file, the Court notes that this matter was referred to mediation on July 1, 2005, with mediation to be completed by August 31, 2005. No designation of neutral and ADR conference report have been filed by the lead counsel within the

---

[1] The action was originally filed in state court on November 16, 2004. The amendment to add the individual defendants was not sought until June, 2005, after the action was removed to this Court in May.

time provided.  The Court will direct the filing of a report concerning the conduct of mediation as required by the Court's July 1 order.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand to state court [Doc. #13] is denied.

**IT IS FURTHER ORDERED**, pursuant to 28 U.S.C. §1447(e), that the Court's order of June 15, 2005 [Doc. #7] is vacated, and the second amended complaint filed June 24, 2005 [Doc. #9] is hereby stricken.  The claims against defendants Rose Mitchell and John Doe are therefore in effect dismissed without prejudice, and this action shall proceed in this Court pursuant to the first amended petition for damages against defendant Walgreen Co. only.

**IT IS FURTHER ORDERED** that plaintiff shall, within seven (7) days of the date of this order, file a status report advising the Court of the outcome of the mediation and the prospects for any further settlement negotiations.  If mediation was not conducted as ordered, plaintiff shall show cause why the action should not be dismissed for failure to comply with the Court's order of July 1, 2005.

Dated this 1st day of September, 2005.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE